Joseph F. Daly, J.
Azema Bobinson hating com> menced an action against Bella Bivers in this court to recover one hundred and thirty-four dollars and fifty-six cents, the price of certain wearing apparel, millinery goods, &c., furnished by the plaintiff to the defendant, obtained, on August 31, 1870, a warrant under the “ Stillwell” act, for the arrest of the defendant, on the ground that she fraudulently contracted the debt respecting which the said suit was brought. Upon the return of the warrant, the defendant, Bella Bivers, con-, troverted the facts and circumstances on which the *150 warrant issued, and gave the customary'recognizance to appear before the judge issuing the warrant, on the adjourned day, and from time to time as the matter might be adjourned, until the final decision of the matter. She also gave the usual bond not to remove, assign, or dispose of, her property until such final decision.
The matter was then adjourned by consent to September 2, 1870. On the latter day the defendant moved for her immediate discharge, upon an affidavit setting forth that at the times mentioned in the plaintiff’ s application, and ever since, she has been, and is, a married woman, the wife of one Prank Rivers. Her affidavit set forth the time and place of her said marriage with certainty, and was accompanied by a marriage certificate. The plaintiff contends that the motion is too late, and should have been made immediately upon the return of the warrant; and her right to take advantage of her coverture as a ground of discharge, is waived by her controverting generally the facts, &c., and by heir giving the recognizance and bond ; also, that coverture, even if pleaded in time, is no ground for her relief from these proceedings until regularly tried in the suit, and judgment awarded in her favor upon it.
I am clearly of opinion that defendant’s proof of coverture is offered in time. It is a plea proper in the suit itself, and proper as an incident of her defense to these proceedings. It is not an objection to jurisdiction, or to the form or sufficiency of the moving papers, and is not waived by her appearing and giving bail, and controverting the facts, &c., upon the warrant issued. It is such proof as she is at liberty to offer at any time during the pendency of the proceedings, and which the judge must receive (Vide section 7 of the act). But as nothing appears in the application for the warrant to show her coverture, as the fact itself is not conceded *151 by the plaintiff, and as opportunity should be allowed the latter to inquire into it, it seems reasonable to permit the examination to proceed. It is discretionary with me to grant the discharge, on the ground of coverture, or to leave the defendant to her plea in the course of the proceedings (Grah. Pr., 127).
I am not entirely assured that the plea of coverture is a complete bar to this proceeding. Under the common law, which disabled a married woman from making a contract, such as is the basis of this suit, she certainly could not be arrested for fraud on her part in procuring the contract to be made. But the acts of 1860 and 1862, empowering her to carry on a separate business, and making her liable to suit in all matters having relation to her separate property, would work the greatest injustice, if, while it permitted her to make contracts in relation to her separate trade or business, and authorized suit to be maintained upon such contracts, it gave her creditors no implied right to such statutory proceedings as the “Stillwell” act permits, to punish glaring fraud on her part in making the contracts, and gross deceit and misrepresentation in obtaining the goods for which she may be sued at law.
• The facts, however, which may be established on the examination, will possibly require no such construction of those acts. The plaintiff, in the affidavit made by her to obtain this warrant, states that the defendant, Bella Rivers, represented herself to the plaintiff to be an actress by profession, with an engagement as such to act at the Olympic Theater, and in the receipt of a salary therefor, which made her abundantly able to pay for the goods she ordered of plaintiff, which goods she needed- to wear in her performances. The plaintiff states that, relying upon these representations, she delivered the goods to the defendant, but that she subsequently learned that defendant is not, and never was, an actress by profession, never had an *152 engagement at the Olympic or any other theater in. this city, and was not to receive any salary therefrom, or to attend any rehearsal thereat, and did not intend to use. said goods for said rehearsal, or in any theatrical business or performance, and that all defendant’s aforesaid representations were fraudulently made to obtain possession of said goods, and cheat and defraud the plaintiff.
It would seem, therefore, that if the facts alleged as the ground of fraud are true,—viz: that defendant is not, and never was, an actress, has no salary, in fine, has no separate business, in the course of which she incurred the debt for the plaintiff-’s goods,—and if the fact be established that defendant is and was then a married woman, then there can be no liability on her part to pay for the wearing apparel the plaintiff sold her—her husband alone being answerable at law.
If there be no liability to sustain the suit, .there can be no ground for these proceedings, since the latter, although designed to punish the fraud, rest upon the basis of a valid debt in all cases (see Act, § 4).
The defendant’s proof of coverture would seem therefore, to be a perfect bar to these proceedings, if every particular of the allegations of the plaintiff’s affidavit to procure the warrant be fully proved ; but the defendant, by her original plea, interposed on the return of the warrant, has denied every such allegation of the plaintiff, controverting not only the allegation of fraud, but the allegation that she is not, and never was, an actress, and did not procure the goods for her professional needs.. She requires, therefore, in order to sustain her own case, an opportunity to furnish proofs which, with her proof of coverture, will relieve her from liability in the suit and in these proceedings, and that opportunity the statute affords in no way but the examination which the plaintiff demands.
*153 In any view of the case, the latter has the right to inquire into the fact of coverture.
The examination must, therefore, proceed, and the application for defendant’s discharge upon the facts elicited will be heard at the time indicated by section 9 of the act.
Afterwards, an examination was had, and the marriage of the defendant was proved, and the plaintiff’s counsel moved for a commitment of the defendant, which was opposed by defendant’s counsel, and her discharge demanded, and the same authorities relied upon as on the previous motion.
The defendant was discharged by Chief Judge Charles P. Daly, who delivered the following opinion:
Daly, Ch. J.
The existence of a debt or demand due by the defendant to the plaintiff is one of the facts which must be shown by the affidavit of the plaintiff, or of some other person, before the warrant can issue; and, by section 7 of the act, the defendant may controvert any fact on which the warrant issued.
The defendant has, in a general way, controverted the facts and circumstances upon which the warrant was granted, and has verified her allegations, or traverse, in respect to one of these facts,—the existence of a debt or demand against her,—by her own affidavit. She avers in her affidavit that she is a married woman,. and that the debt or demand is for making, and trimming for, her necessary wearing apparel, she then being a married woman; that she has no separate estate; that she has never been engaged in any business; that she lives with, and is supported by, her husband; that he is a responsible man, and pays all her necessary demands.
This is controverting under oath, the material fact of the existence of the debt or demand; for as a mar *154 ried woman she was incapable of contracting such an obligation.
A married woman, by the remedial acts of 1848,1849, 1860, and 1862 (4 N. Y. Stat. at L., 513-517), who has a separate estate, may enter into any contract in referente to it, the same as if she were unmarried, and may carry on any trade or business, or perform any labor or services, on her sole and separate account; and the property she acquires by such trade,.business, labor, or services, becomes her sole and separate property and estate, over which her husband has no control; and in respect to all matters relating to it, she may sue or be sued; and any bargain or contract she makes respecting it is in no way binding upon her husband.
Her inability to contract, except in the cases prescribed for by these statutes, remains as it stood at the common law ; and the debt or demand for which the defendant is sued in this action, not having been contracted in a way authorized by statute, is one for which the defendant cannot be held responsible—being, as she alleges, for her necessary wearing apparel. Her husband is the only one answerable upon such contracts, and the action should have been against him, if the case is one in which his authority to furnish her with wearing apparel'could be implied.
It is argued that her coverture is not a matter which can be inquired into in these proceedings ; that it must be set up by way of answer to the suit, and tried as an issue in this action.
It must undoubtedly be set up by way of answer to get rid of this action, for the action may go on, whether the defendant is or is not adjudged to be a fraudulent debtor. This proceeding, however, is a collateral remedy, in addition to the right of action authorizing the arrest and subsequent commitment of a fraudulent debtor, unless he complies with the provisions of the act.
*155 It is a proceeding carried on wholly independent of the action, and which may be resorted to either before or after judgment. It is instituted upon the presumption created by the plaintiff’s affidavit that the defendant fraudulently contracted the debt, or has done, or is about to do, some one of the acts for which he may be arrested and committed to prison, unless he pays the debt, gives security for it, executing an assignment of his property as an insolvent debtor, or gives a bond to the effect that he will, within thirty days, apply for his discharge as an insolvent.
The statute has prescribed what the plaintiff must show by affidavit to entitle him to this extraordinary remedy, and has given the defendant the liberty of denying, upon oath, any of the facts contained in the plaintiff’s affidavit. In the latter respect the statute makes no reservation or exception. It says he may controvert any of the facts, and verify his allegations by his own affidavit, and that where he verifies his allegations, that the complainant may examine' him under oath touching any fact or circumstance material to the inquiry. The defendant has controverted the fact of the existence of a debt due by her to the complainant, in showing by her affidavit that she was incapable of contracting the debt for the recovery of which this action is brought, and this was all that it was material for her to do, for it goes to the foundation of the whole proceeding ; she has not only shown by her own affidavit that she was a married woman, but has proved the fact by the exhibition of her marriage certificate, the record of the marriage, by the clergyman who solemnized it, and the celebration of it, by the testimony of a witness who was present. ,
When the defendant controverts any material allegation under oath, the complainant may examine the defendant, or other party may offer farther proofs. The complainant has not examined the defendant, nor *156 has she offered any evidence to rebut the sworn statement of the defendant, or the evidence produced in support of it. The fact must, therefore, be regarded as proved, and, as the defendant was a married woman, there could be no debt or demand against her under the circumstances disclosed by the affidavit. A material fact, therefore,—the existence of a debt or demand due by the defendant to the complainant,—has been disproved ; and this being disproved, the proceedings can not be sustained.
The defendant must be discharged.